**IT IS ORDERED as set forth below:**



**Date: February 22, 2024**

_____
Susan D. Barrett
United States Bankruptcy Judge
Southern District of Georgia

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| RRG, INC. ) | CASE NO. 24-10075-SDB |
| ) | |
| DEBTOR. ) | |

**INTERIM ORDER[1] ON MOTION TO AUTHORIZE CRITICAL VENDOR PAYMENT ON PREPETITION DEBT**

Upon the Motion of RRG, Inc., the Debtor and Debtor-In-Possession in the above-captioned Chapter 11 case (the "Debtor"), to Authorize Critical Vendor Payment on Prepetition Debt (the "Motion")[2], the Court finds as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. §157(b).

**Background**

2. On January 31, 2024 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections

---

[1] A black-line of this order is attached as Exhibit A, highlighting the changes made by the Court to the proposed order.

[2] Terms not otherwise defined herein shall have the meaning set forth in the Motion.

1101, 1107, 1108 & 1182 of the Bankruptcy Code.

3. The Debtor is a Popeye's franchisee and operates multiple locations.

4. Absent the protections set forth herein, Merchants has informed the Debtor that it will not provide goods and services to the Debtor.

5. At the hearing, Debtor proffered, without objection, that (a) the goods and services provided by Merchants are critical to its operation in that its business could not continue to operate or provide a feasible plan without access to such goods and services; (b) without the terms provided by this order, Merchants would cease providing Debtor with such goods and services; and (c) disfavored creditors will be better off, or at least not worse, under the terms of this order.

IT IS THEREFORE, ADJUDGED ORDERED AND DECREED THAT:

a. Upon (i) the allowance of the PACA Claim, the Admin Claim, the General Unsecured Claim in the amounts set forth in Paragraphs 5(b), 5(c), and 5(d); (ii) the payment of the amount set forth in Paragraph 5(b); (iii) the treatment set forth herein below of the New Shipments, and (iv) the waiver of claims, if any, against Merchants, Merchants shall continue to supply to the Debtor the food necessary to run its business and will provide 7-day terms credit to the extent the Debtor complies with the terms of this Order (the "New Shipments"), which, in accordance with Section 364(c)(1) of the Bankruptcy Code, the amount of New Shipments shall be entitled to priority over any other administrative expense claim of the kind specified in Sections 503 or 507 of the Bankruptcy Code; provided, however, Merchants will continue to provide goods and services to the Debtor after the PACA Claim is paid in full until the expiration of the Challenge Period (as set forth below), and thereafter if no Challenge has been filed and the conditions in this paragraph are satisfied;

b. Merchants asserts that it has a Perishable Agricultural Commodities Act Claim against Debtor in the amount of $88,001.49 (the "PACA Claim"), which claim shall be paid in full by March 1, 2024;

c. Merchants asserts that it has an 11 U.S.C. §503(b)(9) claim against Debtor in the amount of $397,414.02 (the "Admin Claim");

d. Merchants asserts that it has general unsecured claim against Debtor in the amount of $348,116.03 (the "General Unsecured Claim");

e. Debtor hereby waives any claim or cause of action against Merchants, if any, arising under Chapter 5 of the Bankruptcy Code;

f. the Debtor shall make payments to Merchants in the amount of $15,000.00 per week which shall be applied first to the claim set forth in Paragraphs 5(d).

g. Any party may challenge ("Challenge") the validity of (i) the allowance of the PACA Claim, the Admin Claim, the General Unsecured Claim in the amounts set forth in Paragraphs 5(b)-(d); or (ii) the waiver set forth in Paragraph 5(e) within thirty (30) days (the "Challenge Period") of the entry date of this Order. Failure of any party to assert a Challenge shall be forever barred from asserting such a Challenge at any time, and the claims and waiver described herein shall be binding on the Debtor and its estate, and its and their creditors.

h. The notice provisions of Bankruptcy Rule 6004(a) and (h) are hereby waived.

[END OF DOCUMENT]

PRESENTED BY:

/s/ Nathan E. Huff
Nathan E. Huff
Ga. Bar No. 773611
1223 George C. Wilson Dr.
Augusta, GA 30909
(706) 860-9995
nhuff@cwhllp.com
Attorney for Merchants

No Opposition:

/s/ Bowen A. Klosinski
Bowen A. Klosinski
Attorney for Debtor
Georgia Bar No. 842225
KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, Georgia 30909
706-863-2255
bak@klosinski.com

No Opposition:

/s/ Tiffany E. Caron .
Tiffany E. Caron
GA Bar No. 745089
P.O. Box 711
West Palm Beach, FL 33405
404-647-4917
Tiffany.caron@hotmail.com
*Subchapter V Trustee*

No opposition:

/s/ Kevin A. Stine
KEVIN A. STINE
Georgia Bar No. 682588
Attorney for Pacific Premier Bank
kstine@bakerdonelson.com
Baker Donelson
1500 Monarch Plaza 3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
T: 494-577-6000

No opposition to:

/s/ Joel Paschke
Joel Paschke
IL Bar No. 6275662
Office of the United Sates Trustee
33 Bull Street, Suite 400
Savannah, Georgia 31401
912-652-4112

**EXHIBIT A**
**BLACK-LINE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| RRG, INC. | ) | CASE NO. 24-10075-SDB |
| | ) | |
| DEBTOR. | ) | |

### INTERIM ORDER[1] ON MOTION TO AUTHORIZE CRITICAL VENDOR PAYMENT ON PREPETITION DEBT

Upon the Motion of RRG, Inc., the Debtor and Debtor-In-Possession in the above-captioned Chapter 11 case (the "Debtor"), to Authorize Critical Vendor Payment on Prepetition Debt (the "Motion")[~~1~~2], the Court finds as follows:

### Jurisdiction

---

[~~1~~] ~~Terms not otherwise defined herein shall have the meaning set forth in the Motion.~~

[1] A black-line of this order is attached as Exhibit A, highlighting the changes made by the Court to the proposed order.

[2] Terms not otherwise defined herein shall have the meaning set forth in the Motion.

1. This Court has jurisdiction over this Motion under ~~1~~28 U.S.C. §§157 and 1334, Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. §157(b).

## Background

2. On January 31, 2024 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1101, 1107, 1108 & 1182 of the Bankruptcy Code.

3. The Debtor is a Popeye's franchisee and operates multiple locations.

4. Absent the protections set forth herein, Merchants has informed the Debtor that it will not provide goods and services to the Debtor.

5. ~~The~~At the hearing, Debtor ~~believes~~proffered, without objection, that (a) the goods and services ~~supplied~~provided by Merchants are critical to its operation in that its business could not continue to operate ~~and~~or provide a feasible plan without access to such goods and services; (b) without the terms provided by this order, Merchants would cease providing Debtor with such goods and services; and (c) disfavored creditors will be better off, or at least not worse, under the terms of this order.

    IT IS THEREFORE, ADJUDGED ORDERED AND DECREED THAT:

    a.    Upon (i) the allowance of the PACA Claim, the Admin Claim, the General Unsecured Claim in the amounts set forth in Paragraphs 5(b), 5(c), and 5(d); (ii) the payment of the amount set forth in Paragraph 5(b); (iii) the treatment set forth herein below of the New Shipments, and (iv) the waiver of claims, if any, against Merchants, Merchants shall continue to supply to the Debtor the food necessary to

run its business and will provide 7-day terms credit to the extent the Debtor complies with the terms of this Order (the "New Shipments"), which, in accordance with Section 364(c)(1) of the Bankruptcy Code, the amount of New Shipments shall be entitled to priority over any other administrative expense claim of the kind specified in Sections 503 or 507 of the Bankruptcy Code; provided, however, Merchants will continue to provide goods and services to the Debtor after the PACA Claim is paid in full until the expiration of the Challenge Period (as set forth below), and thereafter if no Challenge has been filed and the conditions in this paragraph are satisfied;

b. Merchants asserts~~, and the Debtors acknowledge,~~ that it has a Perishable Agricultural Commodities Act Claim against Debtor in the amount of $88,001.49 (the "PACA Claim"), which claim shall be paid in full by March 1, 2024;

~~c.~~ c. Merchants asserts~~, and the Debtor acknowledges,~~ that it has an 11 U.S.C. §503(b)(9) claim against Debtor in the amount of $397,414.02 (the "Admin Claim");

d. Merchants asserts~~, and the Debtors acknowledges,~~ that it has general unsecured claim against Debtor in the amount of $348,116.03 (the "General Unsecured Claim");

e. Debtor hereby waives any claim or cause of action against Merchants, if any, arising under Chapter 5 of the Bankruptcy Code;

~~a.~~f. the Debtor shall make payments to Merchants in the amount of $15,000.00 per week which shall be applied first to the claim set forth in Paragraphs 5(d).

~~b.~~g.

Any party may challenge ("Challenge") the validity of (i) the allowance of the PACA Claim, the Admin Claim, the General Unsecured Claim in the amounts set

forth in Paragraphs 5(b~~), 4(c), and 4()~~-(d); or (ii) the waiver set forth in Paragraph 5(e) within thirty (30) days (the "Challenge Period") of the <ins>entry</ins> date of this Order. Failure of any party to assert a Challenge shall be forever barred from asserting such a Challenge at any time, and the claims and waiver described herein shall be binding on the Debtor and its estate, and its and their creditors.

~~f.~~<ins>h.</ins> The notice provisions of Bankruptcy Rule 6004(a) and (h) are hereby waived.

[END OF DOCUMENT]

PRESENTED BY:

/s/ Nathan E. Huff
Nathan E. Huff
Ga. Bar No. 773611
1223 George C. Wilson Dr.
Augusta, GA 30909
(706) 860-9995
nhuff@cwhllp.com
Attorney for Merchants


No Opposition:

/s/ Bowen A. Klosinski
Bowen A. Klosinski
Attorney for Debtor
Georgia Bar No. 842225
KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, Georgia 30909
706-863-2255
bak@klosinski.com

No Opposition:

/s/ Tiffany E. Caron .
Tiffany E. Caron
GA Bar No. 745089
P.O. Box 711
West Palm Beach, FL 33405
404-647-4917
Tiffany.caron@hotmail.com
*Subchapter V Trustee*

No opposition:

/s/ Kevin A. Stine
KEVIN A. STINE
Georgia Bar No. 682588
Attorney for Pacific Premier Bank
kstine@bakerdonelson.com
Baker Donelson
1500 Monarch Plaza 3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
T: 494-577-6000

No opposition to:

/s/ Joel Paschke
Joel Paschke
IL Bar No. 6275662
Office of the United Sates Trustee
33 Bull Street, Suite 400
Savannah, Georgia 31401
912-652-4112