IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 11 |
| RRG, INC. | ) CASE NO. 24-10075-SDB |
| | ) |
| DEBTOR. | ) |

**INTERIM ORDER ON SECOND AMENDED MOTION TO AUTHORIZE CRITICAL VENDOR PAYMENT ON PREPETITION DEBT**

Upon the Motion of RRG, Inc., the Debtor and Debtor-In-Possession in the above-captioned Chapter 11 case (the "Debtor"), to Authorize Critical Vendor Payment on Prepetition Debt (the "Motion")[1], the Court finds as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under ~~128 U.S.C.~~ 28 U.S.C. §§157 and 1334, Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. §157(b).

---

[1] Terms not otherwise defined herein shall have the meaning set forth in the Motion.

## **Background**

2. On January 31, 2024 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1101, 1107, 1108 & 1182 of the Bankruptcy Code.

3. The Debtor is a Popeye's franchisee and operates multiple locations.

4. Absent the protections set forth herein, Columbia has informed the Debtor that it will not provide goods and services to the Debtor.

5. The Debtor believes that the goods and services supplied by Columbia Meats, Inc. ("Columbia") are critical to its operation in that its business could not continue to operate and provide a feasible plan without access to such goods and services.

IT IS THEREFORE, ADJUDGED ORDERED AND DECREED THAT:

a. ~~Upon (i) the allowance of the PACA Claim, the Admin Claim, the General Unsecured Claim in the amount of _____; (ii) the treatment set forth herein below of the New Shipments, and (iii) the waiver of claims, if any, against Columbia Meats, Inc. ("Columbia"), Columbia shall continue to supply to the Debtor the food necessary to run its business and will provide 14 day terms credit to the extent the Debtor complies with the terms of this Order (the "New Shipments"), which, in accordance with Section 364(c)(1) of the Bankruptcy Code, the amount of New Shipments shall be entitled to priority over any other administrative expense claim of the kind specified in Sections 503 or 507 of the Bankruptcy Code; provided, however, Columbia will continue to provide goods and services to the Debtor after the PACA Claim is paid in full until the expiration~~

~~of the Challenge Period (as set forth below), and thereafter if no Challenge has been filed and the conditions in this paragraph are satisfied;~~

~~b. the Debtor shall make payments to Columbia in the amount of _____ per week which shall be applied to the prepetition arrearage owed to Columbia.~~

~~c. Any party may challenge ("Challenge") the validity of (i) the allowance of the any claim in the amount set forth herein; or (ii) within thirty (30) days (the "Challenge Period") of the date of this Order. Failure of any party to assert a Challenge shall be forever barred from asserting such a Challenge at any time, and the claims and waiver described herein shall be binding on the Debtor and its estate, and its and their creditors.~~

IT IS THEREFORE, ADJUDGED ORDERED AND DECREED THAT:

a. Columbia is approved as a critical vendor;

b. Debtor and Columbia shall establish procedures that will allow Columbia to keep supplying to Debtor;

c. Debtor shall be authorized to cure prepetition arrearage owed to Columbia by paying to Columbia $15,000.00 a per week, effective as of January 31, 2024;

d. The notice provisions of Bankruptcy Rule 6004(a) and (h) are hereby waived.

[END OF DOCUMENT]

PRESENTED BY:

/s/ Bowen A. Klosinski
Bowen A. Klosinski
Attorney for Debtor
Georgia Bar No. 842225
KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway

Augusta, Georgia 30909
706-863-2255
bak@klosinski.com