**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RRG, Inc., | ) | Case No. 24-10075 (SDB) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CONSENT ORDER ALLOWING IN PART PROOF OF**
**CLAIM OF POPEYES LOUISIANA KITCHEN, INC.**

THIS MATTER came before the Court upon the *Objection to Proof of Claim No. 51 of Popeyes Louisiana Kitchen, Inc.* (the "Claim Objection") [Doc. 382] filed by the Debtor, RRG, Inc. (the "Debtor") and the *Response to Objection to Proof of Claim No. 51 of Popeyes Louisiana Kitchen, Inc.* (the "Response") [Doc. 495] filed by Popeyes Louisiana Kitchen, Inc. ("PLK"). The Court, having considered the Claim Objection, the Response, and noting the parties' consent hereto; and it appearing that good cause exists for the entry of this Order, finds as follows:

WHEREAS, on January 31, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code. As of the Petition Date, the Debtor operated seventeen (17) POPEYES® restaurants (the "Restaurants") under separate franchise agreements (the "Franchise Agreements") with PLK;

WHEREAS, the general deadline for filing proofs of claim was April 10, 2024 (the "General Bar Date");

WHEREAS, on June 4, 2024, this Court entered an *Order (1) Authorizing the Sale of Assets Comprising 14 Stores Free and Clear of Liens, Claims, Encumbrances and Other Interests (Except for those Expressly Assumed by Buyer) Pursuant to 11 U.S.C. §§ 363(b)(1) and (f); (2) Approving the Assumption and Assignment of Certain Executory Contracts and Leases Pursuant to 11 U.S.C. §§ 365(b) and (f); and (3) Granting Related Relief* [Doc. No. 315] (the "Sale Order"). Pursuant to the Sale Order, the Franchise Agreements relating to fourteen (14) of the Restaurants were sold to the Buyer, SBJ Foods PLK, LLC;

WHEREAS, the Debtor shut down the remaining three (3) Restaurants that were not included in the sale (the "Closed Restaurants"), but the Debtor has not filed a motion to reject the Franchise Agreements for the Closed Restaurants (the "Closed Franchise Agreements") pursuant to 11 U.S.C. § 365;

WHEREAS, on July 3, 2024, PLK filed its Proof of Claim [Claim No. 51-1] (the "Claim") for damages relating to the Closed Franchise Agreements and the anticipated rejection thereof totaling $2,312,715.00. While no deadline was set for filing rejection damage claims for the Closed Franchise Agreements, the Claim was filed promptly and less than 30 days after the Sale Order was entered;

WHEREAS, on July 22, 2024, the Debtor filed the Claim Objection. The Claim Objection alleges that (a) PLK previously agreed to waive its damages for the rejection of the Closed Franchise Agreements; and (b) because the Claim was filed after the General Bar Date, it is untimely. The Debtor maintains certain defenses to the substance of the Claim. PLK asserts that the Claim is timely since there has been no deadline to file rejection damages for the Closed

Restaurants, and that no binding or approved agreement exists in which PLK became obligated to waive the Claim, which the Debtor disputes;

WHEREAS, notwithstanding the foregoing, in order to provide for an efficient and expeditious settlement of the Claim, PLK and the Debtor have agreed to compromise their claims and defenses and reduce the Claim from $2,312,715.00 to the sum of $134,443.00 on the terms set forth herein.

WHEREAS, Debtor is settling the claim in order to expedite final closure of the Debtor's Estate and confirmation of the Debtor's Third Amended Plan of Reorganizaiton.

Based on the foregoing, the Court **ORDERS** as follows:

1. The Claim is allowed, in part, as set forth herein.

2. Popeyes Louisiana Kitchen, Inc. shall have an allowed general unsecured claim in the amount of $134,443.00.

3. Franchise Agreements between Debtor and PLK for store numbers 4449, 13349, and 13679 are deemed rejected.

[END OF DOCUMENT]

**Prepared by**:

/s/ Glenn D. Moses
Glenn D. Moses
Admitted *Pro Hac Vice*
Venable, LLP
801 Brickell Ave, Suite 1500
Miami, FL 33131
T: (305)372-2522
E: gmoses@venable.com
*Attorneys for Popeyes Louisiana Kitchen, Inc.*

**Consented to by:**

/s/ Bowen A. Klosinski
Bowen A. Klosinski

Georgia Bar No. 842225
Attorney for Debtor
Klosinski Overstreet, LLP
1229 Augusta West Parkway
Augusta, GA 30909

**Consented to by:**

/s/ *Tiffany E. Caron*
Tiffany E. Caron
Georgia Bar No. 745089
PO Box 711
West Palm Beach, FL 33405
T: (404) 647-4917
E: tiffany.caron@hotmail.com

*Subchapter V Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RRG, Inc., | ) | Case No. 24-10075 (SDB) |
| | ) | |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing "CONSENT ORDER ALLOWING IN PART PROOF OF CLAIM OF POPEYES LOUISIANA KITCHEN, INC." upon all parties via CM/ECF electronic mail:

Glenn D. Moses
Counsel for Popeyes Louisiana Kitchen, Inc.
E-mail: gmoses@venable.com

C. Knox Withers
Counsel for Popeyes Louisiana Kitchen, Inc.
E-mail: knox.withers@agg.com

Office of the U.S. Trustee
E-mail: Ustpregion21.sv.ecf@usdoj.gov

Tiffany E. Caron
Email: tiffany.caron@hotmail.com

This 5th day of November, 2024.

/s/ Bowen A. Klosinski
Bowen A. Klosinski
Attorney for Debtor
Georgia Bar No. 842225

KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, Georgia 30909
(706) 863-2255
bak@klosinski.com