**IT IS ORDERED as set forth below:**



Date: December 23, 2024

_Susan D. Barrett_
Susan D. Barrett
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| RRG, INC., | ) | CASE NO. <u>24-10075-SDB</u> |
|     DEBTOR. | ) | |
| | ) | |

## <u>CONFIRMATION ORDER</u>

This matter coming before the Court on Debtor's Fourth Amended and Recast Chapter 11 Plan of Liquidation filed by RRG, Inc. ("Debtor") on October 25, 2024 [Dkt. #556] (the "Plan"), the Plan having been transmitted to creditors and equity security holders, and

After notice and hearing, and for the reasons set forth on the record at the confirmation hearing, the Court finds the requirements for confirmation set forth in 11 U.S.C. §1191(b) have been satisfied; and

IT IS HEREBY ORDERED that the Plan is CONFIRMED with the following provisions and modifications:

1. The Consent Order between Debtor and the Georgia Department of Revenue docketed prior to this Order is hereby fully incorporated into the Plan, including without limitation the amendments to Paragraphs 11.5 and 11.6 of the Plan. See Dckt. No. 633.

2. Beginning in 2025, Debtor shall file Chapter 11 Subchapter V Quarterly Reports, in the form provided by the Subchapter V Trustee, to disclose payments made under the Plan, the first quarterly report being due no later than March 31, 2025.

3. All monthly operating reports filed by Debtor shall contain an attachment of any written notifications Debtor received in the preceding month regarding the status of its ERC claim (as referenced in the Plan), as well as a summary of any other updates Debtor has received on the status of this claim; provided should Debtor no longer be required to file monthly operating reports, these updates shall be filed with Debtor's Chapter 11 Subchapter V Quarterly Reports. Notwithstanding the foregoing, if there is a substantive change in the status of this claim, Debtor shall provide written notification of the same no later than thirty (30) days after receipt of this information.

4. Debtor shall, in good faith, continue to monitor and diligently pursue the ERC claim.

5. Section 2.1.27 of the Plan shall be edited to state the "'Effective Date of the Plan' means the date which is fourteen (14) days after the date the Confirmation Order becomes final and non-appealable."

6. Debtor shall not make a request for a discharge.

7. If the event the ERC claim is funded, those funds shall be deposited into the trust account of Debtor's Counsel and be used to pay the remaining claims of the estate, as set forth in

the Plan. Debtor shall file a Notice of Supplemental Distribution with the Court identifying the recipients and showing the dates and amounts of such payments.

8. Debtor shall file a Notice of Substantial Consummation of the Plan not later than fourteen (14) days after the Plan is substantially consummated. 11 U.S.C. §1183(c)(2).

9. Upon request of Debtor, after the Notice of Substantial Consummation is filed and all disbursements have been made pursuant to the Plan (other than distribution of any ERC funds), the case may be administratively closed. If ERC funds are received after administrative closure, Debtor shall file a Motion to Reopen the case. Debtor may request waiver of the filing fee required to reopen the case.

10. Under 11 U.S.C. § 1194(b), if a plan is confirmed under § 1191(b), except as otherwise provided in the plan or in the Confirmation Order, the trustee shall make payments to creditors under the plan. Here, the Debtor, the Subchapter V Trustee and the U.S. Trustee have agreed that the Debtor will make all distributions under the Plan notwithstanding this plan being confirmed under § 1191(b).

**END OF DOCUMENT**